IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SHERYL ANDERSON,

        Petitioner,

v.                                        No.    CV 12-1025 MCA/WPL
                                                                    CR 10-0086 MCA

UNITED STATES OF AMERICA,

        Respondent.


**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

      This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 22) and Petitioner Sheryl Anderson's objections thereto (Doc. 23). The PFRD recommends dispositions as to Anderson's petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Doc. 1.) Anderson objects to the Magistrate Judge's determination that this matter did not warrant an evidentiary hearing, as well as to his substantive findings with respect to her judicial bias claim and allegations that Robert Gorence provided ineffective assistance of counsel. The United States did not file a response to Anderson's objections. Having conducted a *de novo* review, I find the objections to be without merit for the following reasons.

**I.**      **Waiver of Arguments Raised for the First Time**

      "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Anderson's objections raised for the first time an argument that was not presented to the Magistrate Judge. She asserts that the

Presentence Investigation Report ("PSR") contained erroneous information, and her counsel, Robert Gorence, failed to object to the report, leading to an erroneous guideline calculation. (Doc. 23 at 2 n.1.) Neither Anderson's original petition (Doc. 1) nor her supplemental petition (Doc. 15) makes any arguments with respect to errors in the PSR or a failure to object to the PSR, so this argument has been waived.

Anderson also objects to the Magistrate Judge's failure to consider her arguments that Gorence was ineffective because he failed to prepare for the sentencing hearing, present mental health evidence to mitigate her sentence, and submitted harmful evidence in the form of a song to the trial court. (Doc. 23 at 2.) These argument were briefly stated in Anderson's original petition (Doc. 1 at 17), but were not discussed in any way in the second petition (Doc. 15). I will not consider these arguments waived, but I will overrule the objection nonetheless.

The Magistrate Judge properly noted that a pro se petitioner is entitled to a less stringent pleading standard but that this rule is inapplicable here since Anderson filed a supplemental habeas petition with the assistance of counsel. (Doc. 22 at 7.) Although Anderson raised Gorence's preparation, her mental health history, and the harmful evidence in her first petition as a pro se petitioner, her counsel had an opportunity to remedy any defects in the second petition, so the pro se standard does not apply.

In order to state a valid claim of ineffective assistance of counsel, Anderson must plead facts to show that there was a reasonable probability that but for Gorence's inadequate preparation, failure to introduce mental health information, and accidental disclosure of the song to the court, there is a reasonable probability that the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Anderson fails to do this with respect to any of these claims. There is no description of Gorence's preparation, or lack thereof, nor any

examples of how better preparation would have in any way led to a lesser sentence. (Doc. 1 at 17.) Anderson fails to describe the mental health information, let alone how such information would qualify her for a downward departure. (*Id*.) Likewise, she mentions that Gorence accidentally included lyrics from a song in the sentencing memorandum, but she does not explain how these lyrics prejudiced her or how the omission of these lyrics would have resulted in a lesser sentence. (*Id*.) Accordingly, these arguments are meritless and offer no basis for an ineffective assistance of counsel claim.

## II.     Evidentiary Hearing

Anderson objects to the Magistrate Judge's decision not to hold an evidentiary hearing on the ground that "many occurrences . . . took place outside the courtroom, . . . upon which, the record cannot cast ultimate light." (Doc. 23 at 1.) However, Anderson's examples of issues that need a hearing are unavailing.

First, Anderson believes that a hearing is necessary to verify that the plea agreement attached to the Government's response was the plea agreement that was presented to Anderson. (Doc. 16 Ex. 1; Doc. 23 at 2.) She suggests some foul play by the government by implying that they attached a different plea agreement, but she never directly states that the plea agreement in the record is incorrect. (Doc. 23 at 2.) She argues that a hearing would give her an opportunity to determine whether the plea agreement in the record is the actual plea agreement that she signed.

There are two problems with her argument. First, Anderson had an opportunity to file a reply brief to the United States' response in opposition to her habeas petition. Despite the fact that she was given an extension to file a reply (Doc. 21), she never did. The reply brief would have been the appropriate place to challenge the authenticity of the documents provided by the United States.

Second, and most importantly, Anderson's objection does not affirmatively state that the plea agreement on which the Magistrate Judge relied in his PFRD was not the one she signed. Despite the absence of any actual challenge to the proffered plea agreement, she wants the Court to hold an evidentiary hearing just to make sure that the record is correct. This sounds like a fishing expedition for a hearing. I will not order a hearing on an issue of fact that is not even affirmatively contested. This objection is overruled.

Anderson also believes that an evidentiary hearing would "further establish serious deficiencies in her trial counsel's representation during both the plea and sentencing hearing." (Doc. 23 at 2 n.2.) However, to the extent that Anderson claimed that Gorence's performance was deficient, the Magistrate Judge accepted her statements as true but found that she still had not stated a claim for ineffective assistance of counsel. The Magistrate Judge accepted her contention that Gorence failed to inform her of the plea officers, but properly concluded she had not shown prejudice. (Doc. 22 at 14.) Next, he accepted that Gorence gave her poor advice based on the sentences of her co-defendants, but he explained that this was not a basis for a Sixth Amendment violation. (*Id.* at 16.)

The Magistrate Judge only rejected one of her factual contentions, and that was with respect to her claim that her plea was not knowing and voluntary because Gorence had not properly explained the maximum sentence. (*Id.* at 15.) Here, the transcript from the hearing rebuts her allegations, and the Magistrate Judge properly accepted it as controlling evidence that she was aware of the consequence of her plea. (*Id.* at 15-16.) The PFRD even includes a footnote explaining why a hearing on this issue was unwarranted as a matter of law because the Rule 11 plea colloquy was sufficient and could not be overcome by the conclusory nature of her claim. (*Id.* at 16 n.6.)

A hearing is not a forum for Anderson to question Gorence to see if she can come up with alternative legal theories. It is a forum to develop the record with respect to the issues of fact that she identified in her petitions. The Magistrate Judge properly relied on the record and found that he could resolve all of the claims without a hearing. Anderson's objection to his decision is overruled.

### III.     Objections to Judicial Bias Claim

The Magistrate Judge found that the appellate waiver contained in her plea agreement barred Anderson from bringing her judicial bias at sentencing claim and recommended that I dismiss this claim. (Doc. 22 at 10.) Anderson objects to this recommendation on a number of grounds. First she asserts that the application of contract law prohibits the enforcement of the provision as to events that had not occurred. (Doc. 23 at 2-3.) Specifically, she argues that she could not have waived this collateral attack claim because she agreed to the waiver provision prior to the alleged occurrence of judicial bias. (*Id*. at 3.) She argues that because plea agreements are subject to the principles of contract law, and because contracts will typically not let you waive future unknown claims, the waiver cannot bar her judicial bias claim. (*Id*.)

This temporal argument is incorrect because it overlooks the fact that the clear language of the appellate waiver acknowledges that Anderson is waiving her right to appeal unknown future claims. The PFRD contains a thorough discussion of the waiver provision and specifically addresses the language that prohibits the defendant from appealing "any sentence imposed in this case except to the extent, if any, that the court may depart or vary upward from the advisory sentencing guideline range." (Doc. 16 Ex. 1 at 8.) At the time of signing the plea agreement, Anderson did not know what her sentence would be, yet she still waived the right to challenge the final sentence so long as Judge Black did not depart or vary upward from the advisory

sentence. Anderson's contract argument is entirely thwarted by this provision, since it is quite clear that she agreed to waive an unknown collateral attack, so long as her sentence was within the guideline range.[1]

Not only does this provision clarify that Anderson was in fact waiving the right to bring unknown claims, but the Magistrate Judge explained why her judicial bias claim was barred by this very language. (Doc. 22 at 10-11.) The appellate waiver is clear that Anderson may not collaterally attack any sentence imposed with two exceptions: Judge Black varies upward, or she brings a claim of ineffective assistance of counsel. Judge Black did not vary upward and judicial bias not the same as ineffective assistance of counsel. The Magistrate Judge's logic is clear and correct. Moreover, Anderson does not address this point head-on. Rather, she discusses principles of contract law without ever mentioning or explaining why the Magistrate Judge's application of this specific provision was in error. Furthermore, the Magistrate Judge cited a Tenth Circuit case on point. (Doc. 22 at 10 (citing *Carver v. United States*, 349 F. App'x 290, 294 (10th Cir. 2009) (unpublished)).) Rather than discuss the holding of *Carver*, Anderson dismisses it because it is a "lone decision." (Doc. 23 at 2.) Notably, Anderson did not cite a single case to show that judicial bias is not barred by a collateral attack waiver.

Anderson's final argument challenges the Magistrate Judge's application of *Hahn* factors to determine whether the application of a valid waiver would result in a miscarriage of justice. (Doc. 22 at 9 (citing *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004)); Doc. 23 at 4-5.) From the outset, I note that the United States raised the appellate waiver in its response brief, and so Anderson was on notice of its possible application. (Doc. 16 at 5.) Anderson bore the burden of challenging the application of the waiver by raising the *Hahn* factors, but she failed to

---

[1] Anderson received the maximum sentence contained in her plea agreement, but this sentence was actually lower than the minimum sentence listed in the Sentencing Guidelines. (Doc. 22 at 3, 6.)

do so when she did not file a reply brief. *United States v. Ochoa-Colchado*, 521 F.3d 1291, 1299 (10th Cir. 2008) (holding the burden is on the petitioner to show that enforcement of waiver would result in a miscarriage of justice). Since her objection is the first time she has made this argument, she has waived it. *Garfinkle*, 261 F.3d at 1031.

Despite Anderson's failure to argue that the waiver should not apply, the Magistrate Judge still considered the *Hahn* factors in his analysis and concluded that none of the exceptions to the appellate waivers was applicable (Doc. 22 at 9, 11-12.) Anderson offers an alternative analysis, but I agree with the Magistrate Judge.

With respect to the first factor, Anderson asserts that her claim for judicial bias is outside of the scope of the waiver provision per her prior analysis of contract law. (Doc. 23 at 4.) For the reasons stated above and in the PFRD (Doc. 22 at 10-11), I find this claim falls within the scope of the waiver.

Next, Anderson objects to the application of the waiver on the ground that she did not "knowingly and voluntarily waive a claim to which she had no knowledge would arise." (Doc. 23 at 4.) Again, this argument is a non-starter. The plea clearly contemplated that she could not collaterally attack the final sentence, subject to two exceptions. Since she could not know the precise nature of the final sentence when she entered the plea, she was waiving her right to unknown future claims. Since the Magistrate Judge properly found that the plea as a whole was knowing and voluntary (Doc. 22 at 10), I overrule this objection.

Lastly, she claims that enforcement of the provision would result in manifest injustice and attempts to liken the alleged bias here to racial bias.[2] (Doc. 23 at 5.) The Magistrate Judge

---

[2] Anderson states that while race is different than economic status, "this does not give district courts *carte blanche* to penalize persons on account of their economic status." (Doc. 23 at 5.) This is true; however, it overlooks the fact that a District Court simply does not have *carte blanche* to do anything. The court is restrained by the sentencing guidelines, and any deviation from the guidelines takes great

expressly considered this argument and rejected it. (Doc. 22 at 11.) In addition to relying on precedent to show that economic status is not a protected class (*id.*), the Magistrate Judge addressed the underlying merits of Anderson's claim, concluding it was frivolous. In a footnote, the Magistrate Judge explained that Anderson's entire judicial bias argument was based on a comment that amounted to a mere observation of fact and that was supported by Anderson's own statement to the Court. (*Id.* at 11 n.4.) I agree with the Magistrate Judge that comments about economic status in childhood are unlike displays of racism. I also agree that Judge Black's comments were merely restatements of Anderson's own words. I overrule this objection.

## IV.     Objections to Ineffective Assistance of Counsel

The Magistrate Judge identified three different claims for ineffective assistance of counsel, and one of them was based on Anderson's claim that Gorence failed to notify her of earlier plea offers. (Doc. 22 at 14.) The Magistrate Judge concluded that even if Anderson's allegation was true, since she had failed to plead facts to show she was prejudiced by Gorence's deficient performance, the claim must fail. (*Id.*) Relying on the Supreme Court's recent decision in *Missouri v. Frye*, --- U.S. ---, 132 S. Ct. 1399, 1408 (2012), the Magistrate Judge explained that to show ineffective assistance of counsel at the plea bargaining stage when the attorney has failed to communicate an offer, the defendant must show that she would have taken the other offer and that the offer would have been more favorable. (Doc. 22 at 13-14.) Anderson did not claim that she would have taken the earlier plea, nor did she state that the offer would have been more favorable. (*Id.*) However, Anderson objects to the Magistrate Judge's conclusion that she

---

care, thought, and legal justification. The fact that Anderson ultimately received the maximum sentence contained in the plea agreement, and nothing more, indicates that despite the Court's concern over the severity of her crimes, it acted within the confines of the law. Moreover, if a judge did impermissibly display bias and that resulted in a sentence that varied upward, then that claim would be reviewable.

failed to show prejudice because she claims that she sufficiently established a conflict of interest, which amounts to prejudice per se. (Doc. 23 at 6.)

In support of her argument, she relies on *Cuyler v. Sullivan*, 446 U.S. 335 (1980). However, *Cuyler* is not on point. In *Cuyler*, the Court considered the implications of representing multiple co-defendants simultaneously and whether that could lead to ineffective assistance of counsel. *Id*. at 348-49. The Court held that a "defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id*. at 349-350.

Anderson fails to acknowledge the fact-specific nature of *Cuyler*'s holding, let alone explain why this Court should treat conflicts of interest arising out of an attorney's simultaneous representation of co-defendants as the same as conflicts arising out of an attorney's self-interest. The Supreme Court has never applied its "actual conflict of interest" jurisprudence in the context of a lawyer providing constitutionally deficient representation to further his own financial interests. However, the Fifth Circuit has expressly considered this question. In *Beets v. Collins*, 65 F.3d 1258, 1272 (5th Cir. 1995), the Fifth Circuit declined to apply *Cuyler* to a situation where the conflict was related to an attorney's self-interest because "the purpose of the Sixth Amendment is not primarily to police attorneys' ethical standards and create a constitutional code of professional conduct; its purpose is to assure a fair trial based on competent representation." It concluded that "it is most consistent with *Strickland* to assess the duty of loyalty pitted against a lawyer's self-interest under the *Strickland* test." *Id*.; *see also United States v. McVeigh*, 118 F. Supp. 2d 1137, 1151 (D. Colo. 2000) (holding that the *Strickland*

standard should be used to evaluate defendant's claim of ineffective assistance of counsel when defense counsel was allegedly motivated by financial interests and a desire for notoriety, and where he was allegedly acquainted with the families of one of the victims.) *Frye* properly interprets the *Strickland* requirements in the specific situation of the failure of an attorney to communicate a plea offer, so the Magistrate Judge was correct to apply the *Frye* rule in analyzing this claim of ineffective assistance of counsel.

A practical analysis of the situation further illustrates why a blanket application of *Cuyler* makes no sense when considering the goals of *Strickland*. Again, assuming Gorence prolonged the proceedings to collect a greater fee, it is unclear how this constitutionally prejudiced Anderson. The earlier plea offers contained maximum sentences of ten and fifteen years, and she accepted an offer that had a maximum of ten years. (Doc. 22 at 14.) Anderson is no worse off, and possibly better off, than she would have been if she had taken the earlier offers. The only detriment to Anderson was that she ultimately paid more in legal fees. As the Magistrate Judge correctly noted, "the Sixth Amendment does not protect a client's pocketbook from prejudice, so this cannot be the basis of a constitutional violation." (Doc. 22 at 14.) I overrule Anderson's objection.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's PFRD (Doc. 22) is adopted by the Court;

2) the Defendant's § 2255 Petition (Doc. 1) is DENIED;

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is DENIED.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge